UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDY LEON GRADDY,

    Plaintiff,

v.        Case No.  8:12-cv-1882-T-24 EAJ

THE CITY IF TAMPA, ET AL.,

    Defendants.
_____/

### ORDER

This cause comes before the Court on Defendants' Motion to Dismiss.  (Doc. No. 4). Plaintiff opposes the motion.  (Doc. No. 5).  As explained below, the motion is granted in part and denied in part.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff alleges the following in his complaint (Doc. No. 1): On November 6, 2008, Plaintiff was approached by City of Tampa police officers Chad Smith, Robert Barrett, and Christopher Cornelius while he was standing outside of a business. The officers asked Plaintiff for identification and started to question him. Plaintiff asked if he was under arrest, and the officers advised that he was not under arrest. At some point during the questioning, Plaintiff saw Officer Barrett reach toward his gun belt, and Plaintiff got scared and ran from the officers. The officers pursued Plaintiff, and Officer Cornelius deployed a taser and caused him to fall to the ground. Plaintiff was brought back to the place where he was originally stopped, and witnesses saw that he was handcuffed and injured. Someone had called for medical help, and when it arrived, the officers turned them away and would not allow them to inspect Plaintiff's injuries.

Plaintiff was arrested at 4:52 p.m. He complained to the officers that his arm was broken and asked to be taken to the hospital. The officers refused Plaintiff's request, and instead, they drove him around in their police cruiser with his hands restrained behind his back for several hours, despite the fact that the Orient Road Jail was only seven miles away. When he arrived at the Orient Road Jail, it was determined that Plaintiff needed medical treatment, and he was admitted to the hospital at 12:03 a.m. the next day. Medical treatment revealed that Plaintiff had

suffered a fractured radius with a dislocated ulna.

Plaintiff was charged with possession of drugs and drug paraphernalia, along with opposing an officer without violence. A court granted Plaintiff's motion to suppress evidence and dismissed the charges. The court determined that the officers did not have a lawful reason to stop and frisk Plaintiff and that Plaintiff was free to terminate his encounter with the officers at any time. The court further concluded that Plaintiff terminated the encounter by running away and that there was no probable cause for the police to arrest him or to use the taser on him.

Plaintiff asserts seven claims in his complaint: (1) § 1983 unlawful seizure against the City of Tampa ("the City"), (2) § 1983 unlawful seizure against Officers Smith, Barrett, and Cornelius ("the Officers"), (3) § 1983 excessive force against the Officers, (4) § 1983 excessive force against the City, (5) denial of medical treatment against the Officers, (6) assault and battery against the City, and (7) negligence against the City. In response, Defendants filed the instant motion to dismiss Counts III, IV, and VI.

**III. Motion to Dismiss**

Defendants move to dismiss the excessive force claims contained in Counts III and IV, as well as the assault and battery claim contained in Count VI, because they contend that these three claims are subsumed within the § 1983 unlawful seizure claims. Accordingly, the Court will analyze these claims.

    **A. Excessive Force Claims**

Defendants contend that the excessive force claims are subsumed within the § 1983 unlawful seizure claims, because Plaintiff contends that his arrest was unlawful. The Court agrees with Defendants. As explained by the Eleventh Circuit:

3

> Under this Circuit's law . . . a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim. . . . [I]f an arresting officer does not have the right to make an arrest, he does not have the right to use any degree of force in making that arrest. . . . This is not to say that [the plaintiff] cannot recover damages for the force used in his arrest. To the contrary, the damages recoverable on an unlawful arrest claim include damages suffered because of the use of force in effecting the arrest. But, to permit a jury to award damages on [the plaintiff's] excessive force and unlawful arrest claims individually would allow [him] to receive double the award for essentially the same claims.

Bashir v. Rockdale County, Georgia, 445 F.3d 1323, 1331-32 (11th Cir. 2006)(quotation marks and citations omitted); see also Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000)(citation omitted).

An excessive force claim may stand when it is asserted in relation to an otherwise lawful arrest. As explained by the Eleventh Circuit:

> An excessive force claim evokes the Fourth Amendment's protection against the use of an unreasonable quantum of force . . . *in effecting an otherwise lawful arrest*. When properly stated, an excessive force claim presents a discrete constitutional violation relating to the manner in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest.

Bashir, 445 F.3d at 1332 (emphasis added).

In the instant case, Plaintiff alleges in his excessive force claims that he was arrested without actual or arguable probable cause.[1] (Doc. No. 1, ¶ 69, 75). Because his claims arise out of an alleged illegal stop or arrest, his excessive force claims are subsumed within his unlawful seizure claims. See DeRosa v. Rambosk, 732 F. Supp.2d 1285, 1300 (M.D. Fla. 2010). As such, Defendants' motion to dismiss Plaintiff's excessive force claims is granted.

---

[1] Plaintiff does not appear to assert his excessive force claims on the alternate ground that even if his arrest was lawful, the force used was excessive.

4

### B.  Assault and Battery Claim

Defendants contend that Plaintiff's assault and battery claim is also subsumed within the § 1983 unlawful seizure claims. The Court is not persuaded by this argument. Accordingly, Defendants' motion to dismiss the assault and battery claim is denied.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court dismisses the § 1983 excessive force claims contained in Counts III and IV; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of October, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5