UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDY LEON GRADDY,

    Plaintiff,

v.                                                   Case No. 8:12-cv-1882-T-24 EAJ

CITY OF TAMPA, ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant Robert Barrett's Motion for Reconsideration (Doc. No. 75), in which he seeks reconsideration of this Court's summary judgment order (Doc. No. 64). Plaintiff opposes the motion. (Doc. No. 95). As explained below, the motion is denied.

This case involves Plaintiff Eddy Leon Graddy's claim of unlawful seizure against Defendant police officers Barrett, Smith, and Cornelius, as well as his claim for assault and battery against Defendant City of Tampa. On November 6, 2008, Plaintiff was standing outside on a pubic sidewalk when three officers approached him and asked to search him. Plaintiff ran from the officers, and Cornelius tased Plaintiff after Cornelius allegedly saw Plaintiff remove a baggy of cocaine from his pants pocket while running away. Plaintiff has argued to the Court that he did not have any cocaine on him and that the officers planted the cocaine that they allegedly found on him. (Doc. No. 60, p. 16-18).

After the tasing, Plaintiff woke up on the ground and saw the three officers standing over him. (Doc. No. 49, p. 49). The officers walked Plaintiff back to the police car, and Smith put handcuffs on Plaintiff behind his back. (Doc. No. 49, p. 51, 71; Doc. No. 60-1).

Defendants moved for summary judgment on Plaintiffs' claims. With respect to the unlawful seizure claim, the Court stated the following:

> The officers make the additional argument that even if the Court finds that probable cause was lacking, the Court should grant Barrett and Smith summary judgment based on their specific involvement in the allegedly unlawful seizure. With regard to Barrett, the officers argue that Barrett was not involved after Plaintiff ran from the officers, and as such, Barrett did not seize Plaintiff. This is a disputed issue of fact, as Plaintiff testified during his deposition that when he woke up on the ground after being tased, all three officers were standing over him and they all walked Plaintiff to the police car, where Smith handcuffed him. (Doc. No. 49, p. 49, 51, 71). As such, the Court concludes that Barrett is not entitled to summary judgment on Plaintiff's unlawful seizure claim.

(Doc. No. 64, p. 15). Barrett moves this Court to reconsider its conclusion that a genuine issue of material fact exists with respect to Barrett's involvement in Plaintiff's seizure.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review, the Court find that reconsideration is not warranted and that Barrett is simply attempting to refute the basis for the Court's earlier decision.

Accordingly, it is ORDERED AND ADJUDGED that Barrett's Motion for Reconsideration (Doc. No. 75) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2014.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge