UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDY LEON GRADDY,

    Plaintiff,

v.                                                                    Case No.  8:12-cv-1882-T-24 EAJ

CITY OF TAMPA, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 76), in which he seeks reconsideration of this Court's summary judgment order (Doc. No. 64). Defendants Barrett, Smith and Cornelius oppose the motion.  (Doc. No. 90).  As explained below, the motion is granted in part and denied in part.

### I.  Background

This case involves Plaintiff Eddy Leon Graddy's claims of unlawful seizure, excessive force, and denial of medical treatment against Defendant police officers Robert Barrett, Christopher Cornelius, and Chad Smith (collectively, "officers").  All parties moved for summary judgment, and as a result, the only claim that currently remains against these defendants is Plaintiff's claim of unlawful seizure for the tasing and arrest.  In this motion, Plaintiff asks the Court to reconsider its rulings regarding his unlawful seizure claim for the initial encounter (prior to the tasing and arrest) and his denial of medical treatment claim.

### II.  Standard of Review

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to

prevent manifest injustice. <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. <u>See id.</u> (citations omitted).

### III. Unlawful Seizure - Initial Encounter

Plaintiff argues that the Court should reconsider its rulings denying Plaintiff summary judgment and granting the officers summary judgment on Plaintiff's claim that the initial encounter consisted of an unlawful seizure. Plaintiff argues that reconsideration is warranted because of the need to correct clear error. The facts relating to this claim are set forth below.

According to Plaintiff, he was standing outside on a public sidewalk on November 6, 2008 around 4:48 p.m. At that time, Smith and Cornelius drove by, stopped their car, and asked for Plaintiff's identification. Plaintiff complied and gave Smith his identification while the officers remained in their car.

Smith then asked if he could search Plaintiff. By this time, Barrett had joined the other two officers and was standing behind and off to the side of Plaintiff. Plaintiff responded that he did not want to be searched, and in response, Barrett said, "We're going to search you your way or our way." Plaintiff perceived Barrett's statement as suggesting that a search done their way would be "physical" and that he would be "roughed up."

At this time, Cornelius got out of the car and went around the back of the car towards Plaintiff, and Plaintiff describes Barrett and Cornelius as getting closer and "closing in." Next, Plaintiff saw Barrett reach for his belt, and Plaintiff thought that Barrett was reaching for his gun, so Plaintiff ran away from the officers. The next thing that Plaintiff remembers is waking up on the ground (because he later learned that Cornelius had deployed his taser on Plaintiff's

2

back after Plaintiff ran away).

Plaintiff contends that the initial encounter (prior to him running away) was an unlawful detention by the officers. In support of this contention, Plaintiff points out the following: First, there is no evidence that his identification was returned to him during the encounter. Second, when the officers asked if they could search Plaintiff, he initially responded, "no," but then said, "okay." (Doc. No. 48, p. 4). Third, Barrett conveyed the officers' intent to stop and frisk Plaintiff by beginning to explain the stop and frisk law right before Plaintiff fled. (Doc. No. 44, p. 83, 86-87). Fourth, all three officers were surrounding Plaintiff prior to Plaintiff fleeing, and the domino hall and police car blocked his path. (Doc. No. 45, p. 140; Doc. No. 44, p. 90). Fifth, the officers told Plaintiff to stop running away prior to the time that they allege that he removed a baggy of cocaine from his pants. (Doc. No. 57-1, p. 14).

Upon reconsideration, the Court agrees with Plaintiff that a genuine issue of material fact exists regarding: (1) whether a reasonable person would have felt free to decline the officers' requests or otherwise terminate the encounter; and (2) whether Plaintiff did, in fact, submit to the officers' show of authority. Accordingly, the Court vacates the portion of its order (Doc. No. 64) granting the officers summary judgment on this issue and instead denies their motion on this issue. The Court, however, denies Plaintiff's motion to reconsider his motion for summary judgment on this issue, as genuine issues of material fact exist.

**IV.  Denial of Medical Treatment**

Plaintiff contends that the Court failed to construe the facts in the light most favorable to him with regard to his denial of medical treatment claim. The Court has considered Plaintiff's argument in support and concludes that reconsideration is not warranted.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 76) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court vacates the portion of its order (Doc. No. 64) granting the officers summary judgment on the issue of whether an unlawful seizure occurred during the initial encounter and instead denies the officers' motion on this issue.[1] Otherwise, the motion for reconsideration is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of March, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] This conclusion has no bearing on Plaintiff's unlawful seizure claim against the City of Tampa ("City"), on which the Court granted summary judgment to the City. (Doc. No. 65). Plaintiff's unlawful seizure claim against the City was asserted as an alternative to his excessive force claim regarding the use of the taser. Plaintiff has stated: "Count IV [excessive force against the City] has been plead in alternative to Count I [unlawful seizure against the City]." (Doc. No. 61, p. 13, n.5).