UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDY LEON GRADDY,

        Plaintiff,

v.                                     Case No.  8:12-cv-1882-T-24 EAJ

CITY OF TAMPA, ET AL.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on the parties' motions in limine (Doc. No. 67, 73, 74,

77, 78, 79, 80, 81, 83, 84, 85) and the responses thereto (Doc. No. 91, 92, 93, 94).

## I.  Background

This case involves Plaintiff Eddy Leon Graddy's claim of unlawful seizure against

Defendant police officers Barrett, Smith, and Cornelius, as well as his claim for assault and

battery against Defendant City of Tampa ("City").  On November 6, 2008, Plaintiff was standing

outside on a pubic sidewalk when three officers approached him and asked to search him.

Plaintiff ran from the officers, and one officer tased Plaintiff after the officer allegedly saw

Plaintiff remove a baggy of cocaine from his pants pocket while running away.  Plaintiff has

argued to the Court that he did not have any cocaine on him and that the officers planted the

cocaine that they allegedly found.  (Doc. No. 60, p. 16-18).

## II.  Plaintiff's Motions in Limine

Plaintiff has filed several motions in limine.  Accordingly, the Court will analyze each

motion.

**A.  Statements Regarding Cocaine (Doc. No. 77, 84, 91)**

Plaintiff moves to prohibit the introduction of out-of-court statements regarding his cocaine usage.  Specifically, Plaintiff argues that references to prior narcotics usage in medical records from Tampa General Hospital (where he went for treatment for his injuries resulting from the deployment of the taser) should not be admissible because the references are hearsay, irrelevant, and unfairly prejudicial.  Likewise, Plaintiff argues that certain post-Miranda statements, including that he only uses cocaine for consumption and does not sell it, are irrelevant and unfairly prejudicial.

Defendants respond that Plaintiff's post-Miranda statements are relevant, because Plaintiff has argued that he did not have any cocaine on him and that the officers planted the cocaine that they allegedly found.  The Court agrees that Plaintiff's post-Miranda statements are relevant to Plaintiff's credibility, as well as the officers' credibility.  As such, the Court denies Plaintiff's motion in limine on this issue.

However, with regard to the references contained in Plaintiff's past medical records regarding prior, unrelated social drug use, the Court agrees that this information is irrelevant to the issue of whether the officers had probable cause to seize Plaintiff.  Additionally, the references to drug usage in the past medical records are irrelevant to the issue of whether Plaintiff possessed drugs on the day of his arrest.  While Defendants contend that these references rebut any allegation that the officers fabricated the post-Miranda statements, the Court finds that the references in the past medical records are hearsay and that any probative value is substantially outweighed by the possibility of unfair prejudice.  Accordingly, Court grants Plaintiff's motion in limine on this issue.

### B.  Narcotics Tip (Doc. No. 83, 91)

On November 6, 2008, Smith and Cornelius received an anonymous tip regarding an individual who had just re-upped on a supply of narcotics.  While the description of the person in the tip did not completely match Plaintiff and could describe many people in the community, and while the officers did not observe any drug activity to corroborate the tip, the officers believed that Plaintiff was the person described by the tipster.

Plaintiff moves to prohibit any mention of the alleged tip, arguing that the tip is hearsay and irrelevant.  Defendants respond that they do not intend to introduce the substance of the tip, but instead, they argue that the can introduce evidence that they received a tip that led them to focus on Plaintiff.  Thus, they argue that such evidence is not hearsay, because it is not being offered for the truth of the matter asserted; instead, it is being offered to show the effect on the listener (i.e., that the officers focused on Plaintiff as a result of receiving a tip).  Furthermore, they claim that such evidence is relevant to show that Plaintiff was not randomly singled out.

Upon consideration, the Court concludes that allowing the introduction of evidence that the officers received a tip regarding drug activity that led them to focus on Plaintiff would be unfairly prejudicial to Plaintiff.  While such evidence might explain the officers' actions, it also could be improperly relied on by the jury for the truth of the matter asserted (i.e., that a person somewhat matching Plaintiff's description was involved in drug activity).  The Court, however, will allow the officers to explain that they were in the area because they were responding to a tip, but they cannot testify as to any of the substance of the tip or why they focused on Plaintiff as it relates to the tip.  As such, the motion is denied to the extent that the officers can explain that they were in the area because they were responding to a tip; otherwise the motion is granted.

3

### C.  Narcotics Test Results (Doc. No. 85, 91)

Next, Plaintiff moves to bar all evidence that the drugs found during the incident field-tested positive for cocaine and later tested positive in tests conducted by the FDLE.  Plaintiff contends that such evidence is hearsay, irrelevant, and unfairly prejudicial. Defendants respond that they do not intend to introduce the FDLE report or present expert evidence regarding the FDLE tests.  However, Defendants do intend to introduce the results of the field-testing done by the officers.

The Court concludes that the officer that did the field test can testify about the results, as long as he has experience and training in conducting field tests and his testimony is based on his own actions and observations.  See Weaver v. State, 543 So. 2d 443, 444 (Fla. 3d DCA 1989). Under such circumstances, the testimony would not be hearsay, and it would be relevant. Finally, Plaintiff would not be unfairly prejudiced by the admission of such testimony, as he is free to cross-examine the officer about his experience, actions, and observations.  Accordingly, the Court grants this motion with respect to the FDLE lab report and denies it with respect to the testimony regarding the field test results.

### D.  Prior Convictions (Doc. No. 79, 91)

Next, Plaintiff seeks to exclude any reference to his prior convictions.  Plaintiff has many convictions, but only one is a conviction that was punishable by imprisonment for more than a year and from which he was released from imprisonment within the last ten years—his August 2008 felony possession of cocaine conviction.

With regard to the August 2008 felony possession of cocaine conviction, the Court finds that this conviction is admissible under Federal Rule of Evidence 609.  While Plaintiff argues

that its probative value is substantially outweighed by its unfair prejudice due to the similarity

between that crime and the instant case, the Court disagrees.  The jury will be instructed that they

can only consider this evidence with respect to Plaintiff's credibility and that this evidence

cannot be used to prove that it is more likely than not that Plaintiff possessed cocaine on the date

in question because he did so in the past.  Accordingly, Plaintiff's motion is denied with respect

to this conviction.

However, to the extent that Defendants seek to introduce evidence of any of Plaintiff's

other convictions during the liability phase of the trial, the Court finds that such convictions are

inadmissable because they are more than ten years old or do not involve a crime that was

punishable by imprisonment for more than a year.  The Court recognizes that in exceptional

circumstances, the probative value of such a conviction can substantially outweigh its prejudicial

effect, but such an exceptional circumstance does not exist in this case with respect to any of

Plaintiff's other prior convictions.  Accordingly, Plaintiff's motion is granted with respect to

these convictions during the liability phase of the trial.

Defendants also seek to introduce evidence of all of Plaintiff's prior arrests and

convictions during the damages phase of the trial, arguing that evidence of Plaintiff's many

arrests and convictions undermines his alleged humiliation and emotional distress arising from

the incident at issue in this case.  See Bryan v. Jones, 519 F.2d 44, 46 (5th Cir. 1975).  The Court

agrees that such evidence could be relevant to the issue of damages for that limited purpose if

Plaintiff testifies to suffering humiliation and emotional distress from the seizure.  However,

until the Court hears the evidence and testimony regarding Plaintiff's damages, the Court cannot

determine whether this evidence will, in fact, be relevant.  Accordingly, Plaintiff's motion is

deferred with respect to the admissibility of Plaintiff's prior arrests and convictions during the damages phase of the trial.

### E.  Termination from Employment (Doc. No. 80, 92)

Next, Plaintiff moves to prohibit any evidence regarding his prior employment during the liability phase of the trial, because it is irrelevant.  Defendants state that they do not intend to introduce any evidence regarding his prior employment during the liability phase of the trial. Accordingly, the motion is granted on this issue.[1]

### F.  Children and Financial Obligations (Doc. No. 78, 92)

Next, Plaintiff moves to prohibit any evidence regarding the number or identification of his children, his outstanding child support obligations, and any other fines, liens, or penalties that may exist against him.  Defendants oppose the motion only the extent that they intend to offer evidence of Plaintiff's outstanding child support obligations during the damages phase of the trial in order to show that Plaintiff has not lost any income as a result of the incident at issue in this case.  The Court finds that the danger of unfair prejudice outweighs any relevancy of Plaintiff's outstanding child support obligations.  The Court agrees with Plaintiff that none of the evidence should be permitted, because it is not relevant to any of the issues in this case.  Accordingly, Plaintiff's motion is granted.

### G.  Collateral Sources (Doc. No. 81, 92)

Next, Plaintiff moves to prohibit any evidence regarding collateral sources during the trial.  Defendants respond that they do not intend to introduce any such evidence.  Accordingly,

---

[1]The Court notes that Defendants intend to introduce evidence of Plaintiff's wages and length of employment during the *damages* phase of the trial.

Plaintiff's motion is granted.

## III.  Defendants' Motions in Limine

Defendants have filed two motions in limine.  Accordingly, the Court will analyze each motion.

### A.  Experts (Doc. No. 67, 73, 93)

Defendants move to exclude certain expert testimony of Dr. Crespo, Melvin Tucker, and David Frisby.  Plaintiff does not intend to call Dr. Crespo, so the motion is granted with respect to him.

Federal Rule of Evidence 702 provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> > **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > **(b)** the testimony is based on sufficient facts or data;
> > **(c)** the testimony is the product of reliable principles and methods; and
> > **(d)** the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.  In the motion, Defendants do not challenge Tucker or Frisby's qualifications, methodology, or the reliability of their opinions.  Instead, Defendants argue that their opinions will not assist the trier of fact.  Accordingly, the Court will address each expert's opinions.

### 1.  Frisby

With regard to David Frisby, Defendants challenge the admissibility of all five of his opinions.  Accordingly, the Court will address each opinion.

First, Frisby opines that the arrest of Plaintiff was unlawful.  (Doc. No. 57-3).  Frisby's basis for this opinion is that the arrest could not lawfully be based on the anonymous tip and Plaintiff's loitering on the sidewalk.  However, Defendants do not contend that Plaintiff was arrested based on the tip or for loitering; instead, they contend that he was arrested for pulling a baggy of cocaine out of his pocket.  Accordingly, the Court fails to see the relevancy of this opinion and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

Second, Frisby opines that Cornelius used excessive force when he tasered Plaintiff. (Doc. No. 57-3).  While the Court has granted summary judgment for Defendants on Plaintiff's excessive force claims, Plaintiff still has a battery claim against the City.  With regard to a battery claim, this Court stated the following in its summary judgment order:

> Florida law provides that "a presumption of good faith attaches to an officer's use of force in making a lawful arrest and an officer is liable for damages only where the force used is *clearly excessive* . . . . A battery claim for excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the circumstances."

(Doc. No. 65)(citations omitted).

The Court concludes that Frisby's opinion on Cornelius' use of force is relevant and may assist the trier of fact.  Accordingly, the Court denies Defendants' motion as to this opinion.

Third, Frisby opines that the officers failed to render due care by tasing Plaintiff in a place where he could fall and injure himself and by failing to provide prompt and proper medical treatment.  However, the Court has granted Defendants summary judgment on Plaintiff's denial of medical treatment claims.  Accordingly, the Court fails to see the relevancy of this opinion to

8

Plaintiff's existing claims and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

Fourth, Frisby opines that the officers exhibited gross negligence by failing to provide prompt and proper medical treatment to Plaintiff after the tasing. However, the Court has granted Defendants summary judgment on Plaintiff's denial of medical treatment claims. Accordingly, the Court fails to see the relevancy of this opinion to Plaintiff's existing claims and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

Fifth, Frisby opines that the Tampa Police Department failed to supervise the officers on the scene after the taser was deployed in order to ensure that Plaintiff received proper and prompt medical treatment. However, the Court has granted Defendants summary judgment on Plaintiff's denial of medical treatment claims. Accordingly, the Court fails to see the relevancy of this opinion to Plaintiff's existing claims and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

### 2. Tucker

With regard to Melvin Tucker, Defendants challenge the admissibility of four of his opinions. Accordingly, the Court will address each opinion.

First, Tucker opines that the initial encounter with Plaintiff was a consensual encounter. Given this Court's reconsideration of Plaintiff's unlawful seizure claim, this opinion is relevant to the issues in this case and may assist the trier of fact. Accordingly, the Court denies Defendants' motion as to this opinion.

Second, Tucker opines that the deployment of the taser was unjustified, excessive, and unreasonable under the totality of the circumstances known to the officers. The Court concludes

that this opinion is relevant and may assist the trier of fact.  Accordingly, the Court denies Defendants' motion as to this opinion.

Third, Tucker opines that the officers demonstrated a reckless disregard for the health and well-being of Plaintiff when they denied the paramedics' request to remove Plaintiff's handcuffs so they could examine his injuries.  However, the Court has granted Defendants summary judgment on Plaintiff's denial of medical treatment claims.  Accordingly, the Court fails to see the relevancy of this opinion to Plaintiff's existing claims and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

Fifth, Tucker opines that the officers demonstrated a reckless disregard for the safety and well-being of Plaintiff and violated the TPD's regulations when they transported Plaintiff to the jail instead of transporting him to the hospital.  However, the Court has granted Defendants summary judgment on Plaintiff's denial of medical treatment claims.  Accordingly, the Court fails to see the relevancy of this opinion to Plaintiff's existing claims and grants Defendants' motion as to this opinion because it will not assist the trier of fact.

### B.  Various Challenges to Evidence (Doc. No. 74, 94)

Defendants filed a three-page motion in limine, in which they assert sixteen vague challenges to Plaintiff's evidence.  With one exception, Defendants' challenges provide very little factual information or legal basis for their objections.

Defendants have sufficiently argued that Plaintiff's exhibits 1, 2, and 28 in the pretrial statement regarding the underlying criminal proceedings should be excluded because they are irrelevant to the issues in this case.  The Court agrees with Defendants that those exhibits are irrelevant to the issues of whether an unlawful seizure occurred and whether a battery was

committed.  Thus, to that extent, the motion in limine is granted.

The other fifteen challenges in the motion in limine do not provide sufficient information for the Court to make a determination as to the merits of Defendants' challenges.  Accordingly, the Court denies this motion without prejudice as to the remaining fifteen challenges, and Defendants can raise these challenges at trial.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion in Limine (Doc. No. 84) regarding post-Miranda statements about drug use is **DENIED**.

(2)     Plaintiff's Motion in Limine (Doc. No. 77) regarding references to drug usage in medical records is **GRANTED**.

(3)     Plaintiff's Motion in Limine (Doc. No. 83) regarding the narcotics tip is **DENIED** to the extent that the officers can explain that they were in the area because they were responding to a tip; otherwise the motion is **GRANTED**.

(4)     Plaintiff's Motion in Limine (Doc. No. 85) regarding the narcotics test results is **GRANTED** as to the FDLE report and **DENIED** as to the testimony regarding the field test results.

(5)     Plaintiff's Motion in Limine (Doc. No. 79) regarding his prior convictions is **DENIED** with respect to his August 2008 felony cocaine conviction; **GRANTED** with respect to his other convictions during the liability portion of the trial; and **DEFERRED** with respect to the introduction of his other convictions during the damages portion of the trial.

11

(6)     Plaintiff's Motion in Limine (Doc. No. 80) regarding his prior employment is

         **GRANTED**.

(7)     Plaintiff's Motion in Limine (Doc. No. 78) regarding his children and financial

         obligations is **GRANTED**.

(8)     Plaintiff's Motion in Limine (Doc. No. 81) regarding collateral sources is

         **GRANTED**.

(9)     Defendants' Motions in Limine (Doc. No. 67, 73) regarding experts are

         **GRANTED IN PART AND DENIED IN PART**.

(10)    Defendants' Motion in Limine (Doc. No. 74) regarding various challenges is

         **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of March, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record